# EXHIBIT A

E-FILED IN OFFICE - RJ
Case 1:22-cv-01696-VMC   Document 1-1   Filed 04/29/22   Page 2 of 13   CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-01888-S3**
**3/30/2022 10:58 PM**
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of GWINNETT County

| For Clerk Use Only | |
|---|---|
| | 22-C-01888-S3 |
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**
WYTERRIA SIMS AS THE ADMINISTRATOR OF THE ESTATE OF MARCUS SIMS

Last    First    Middle I.    Suffix    Prefix

**Defendant(s)**
WINGATE MANAGEMENT COMPANY LLC

Last    First    Middle I.    Suffix    Prefix

Plaintiff's Attorney THOMAS E. REYNOLDS, JR.    Bar Number 778864    Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support -- IV-D
- ☐ Support -- Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number    _____ Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. N/A
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
NO

Version 1.1.18

Case 1:22-cv-01696-VMC   Document 1-1   Filed 04/29/22   Page 3 of 13

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01888-S3**
**3/30/2022 10:58 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **WYTERIA SIMS, individually, and O/B/O the ESTATE OF MARCUS SIMS**, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**WINGATE MANAGEMENT COMPANY, LLC** )<br>)<br>Defendant. ) | CIVIL ACTION<br>FILE NO.:<br>22-C-01888-S3 |

## COMPLAINT

COMES NOW, Wyteria Sims, individually, and as Next of Kin of Marcus Sims, deceased and as the Administratrix of the Estate of Marcus Sims, and hereby files her Complaint for Wrongful Death, Pain and Suffering and other damages against Defendant Wingate Management Company, LLC, Plaintiff in the above-styled action, and files this Complaint for Damages, showing the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Wyteria Sims is the mother and Administratrix of the Estate of Marcus Sims, decedent, which is being administered in Fulton County and in that capacity is entitled to bring claims on behalf of Plaintiff is and has been, at all times pertinent to this action, a resident of the State of Georgia.

1

2.

The decedent Marcus Sims was a resident of Fulton County, Georgia, when he was the fatal victim of a shooting at The Village of Bedford Pines, located at 461 Boulevard NE, Atlanta, GA 30308.

3.

Defendant Wingate Management Company, LLC (hereinafter "Wingate") is a foreign limited liability corporation, that exists under the laws of the State of Georgia. Wingate lists its principal office as 100 Wells Avenue, Newton, Massachusetts 02459. Defendant Wingate is subject to the jurisdiction of this Court and may be served with a summons and a copy of the Complaint for Damages through its registered agent for service of process, CT Corporation System, who is located at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

4.

This Court has jurisdiction over the subject matter of this action and venue is properly laid herein as to Defendants.

**BACKGROUND**

5.

Plaintiff adopts and incorporates by reference paragraphs 1 through 4 of her Complaint for Damages as if set forth fully herein.

6.

During all times relevant to the incident which forms the subject matter of Plaintiff's Complaint for Damages, Defendant Wingate owned and managed an apartment complex known as "The Village of Bedford Pines Apartments" (hereinafter "the subject premises") located at 461 Boulevard NE, Atlanta, Georgia 30308.

7.

On or about June 30, 2020, Plaintiff was lawfully upon the premises of the Bedford Pines Apartments as an invitee. Unfortunately, on that date, Decedent was randomly shot and killed by a person or persons wielding a gun. As a result of the shooting, Plaintiff has sustained economic damages consisting of (1) the value of lost financial and other support from the decedent, (2) the value of gifts or benefits that the decedent would have provided, (3) the value of funeral and burial expenses, and (4) the reasonable value of household services that the decedent would have provided.

8.

The conduct of Defendant, as set forth herein, were culpable acts. Such conduct demonstrated a conscious indifference to the consequences and an entire want of care as to the well-being of the Plaintiff and was of such willful and wanton character, and with such reckless indifference, as to amount to an intentional disregard for the health, safety, and welfare of the Plaintiff, so as to permit the imposition of punitive damages.

9.

The tragic shooting incident and fatal injuries of Decedent should not have come as a surprise to the Defendant. According to incident logs held by the Atlanta Police Department, a significant number of crimes were committed either on the premises of the Bedford Pines, on its approaches or in the immediate vicinity. Defendant knew, or in the exercise of reasonable care, should have known of said prior crimes.

10.

Despite their knowledge of the significant number of violent and other similar crimes that occurred on the subject premises or in the immediate vicinity, the Defendant negligently failed to take any action whatsoever to provide reasonable and adequate security.

11.

Not only did the Defendant fail to take action to provide reasonable and adequate security at the Bedford Pines Apartments. They also failed to warn the tenants, guests and other business invitees of the prevalence of criminal activity on the subject premises and in the immediate vicinity.

## **CLAIMS**

12.

Plaintiff adopts and incorporates by reference paragraphs 1 through 11 of her Complaint for Damages as if said paragraphs are set forth fully herein with respect to her Complaint for Damages.

13.

Defendant had a duty to provide reasonable, adequate, and sufficient security, personnel and/or to otherwise take appropriate steps to ensure the safety and protection of their invitees on the premises of Bedford Pines.

14.

As a direct and proximate result of the foregoing, Mr. Sims has suffered loss of life and Plaintiff has lost her son.

15.

As a direct and proximate result of Defendant Wingate's conduct, Decedent was shot and killed while on the premises, causing catastrophic injury to Plaintiff.

16.

As a direct and proximate result of the foregoing, Plaintiff experienced pain and suffering and will continue to experience pain and suffering in the future.

17.

As a direct result of Defendants' negligence and the death of decedent Marcus Sims, Plaintiff has sustained non-economic damages consisting of loss of the decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

18.

As a direct and proximate result of the foregoing, Plaintiff suffered damages to the extent she has incurred attorney's fees and expenses and will incur future attorney's fees and expenses that are presently undetermined. Plaintiff is entitled to an award thereof and reserves the right to amend this Complaint when such attorney's fees and expenses are ascertained.

19.

Defendant negligently failed to maintain a policy, procedure or system of investigating, reporting and warning of the aforementioned criminal activity and negligently maintained the Premises.

20.

At all times material to the incident which forms the basis of Plaintiff's Complaint for Damages, Defendant Wingate owned The Village of Bedford Pines Apartments property. As the owner of the premises, Defendant Wingate owed a non-delegable duty under O.C.G.A. § 51-3-1 and O.C.G.A § 44-7-13 to its tenants, invitees and other guests. Defendants were negligent and said negligence proximately caused Decedents death in the following ways, to-wit:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the Premises safe;

b) Violation of O.C.G.A. § 44-7-13;

c) In failing to properly inspect, repair, and maintain the Premises;

d) In failing to warn of the latent dangers on the Premises;

e) In failing to properly train and supervise their employees or independent guards in regard to the maintenance and safety of said Premises, as well as the appropriate responses to emergent situations; and

f) In failing to properly retain, entrust, hire, train and supervise said employees.

21.

Despite its knowledge of the prevalence of violent and other criminal activity on its premises, Defendant Wingate negligently failed to provide security that was adequate to protect its tenants, their guests, and other invitees like Plaintiff.

22.

Because Defendant had knowledge of, or in the exercise of reasonable care should have had knowledge of the dangerous environment of Defendant's Subject Premises, Defendant is liable for the negligent supervision, hiring, training, and retention of their employees and the entrustment of said Subject Premises to their agents and employees. Said negligence was the proximate cause of the death and damages of Decedent.

23.

Defendant negligently represented to its invitees that Defendant's Subject Premises was properly maintained and that said Subject Premises was safe.

24.

Defendant negligently failed to provide adequate security protection and/or adequate security personnel on its Subject Premises.

25.

Defendant negligently failed to act on its knowledge of prior crimes, and/or suspicious activity and failed to act to deter, correct, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of the Subject Premises.

26.

Defendant failed to take appropriate action to remedy or reduce the danger to its invitees, including Decedent, and allowed the dangerous environment on Defendant's Subject Premises to continue to exist unabated, thereby creating a nuisance.

27.

As an actual and proximate consequence of Defendant Wingate's failure to provide reasonable and adequate security, Decedent was shot and sustained fatal injuries to his body. Plaintiff also incurred special damages in excess of $100,000.

28.

Despite its knowledge of the prevalence of violent and other criminal activity on the subject premises, Defendant Wingate negligently failed to provide security that was reasonable and adequate to protect tenants, their guests and other invitees like Plaintiff.

29.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants and one or more or all above stated acts were the proximate causes of the injuries and damages to Plaintiff. Plaintiff states her intention to seek and assert all damages recoverable under Georgia law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

(1)     That Plaintiffs recover the full value of life, loss of household services, all past medical expenses and past and future lost wages in an amount to be proven at trial;

(2)     That the Plaintiffs recover for all funeral expenses;

(3)     That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(4)     That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

(5)     That Plaintiffs recover such other and further relief as this Court may deem just and proper.

This 30th day of March, 2022.

                        **REYNOLDS LAW GROUP, LLC**

                        *Isaac Tekie*
                        Isaac Tekie
                        Georgia Bar No.: 558190
                        Thomas Reynolds
                        Georgia Bar No.: 778864
                        *Attorneys for Plaintiff*

3390 Peachtree Road
Suite 1100
Tel: 888.665.0241
Fax: 888.677.1453
itekie@thomasreynoldslaw.com
treynolds@thomasreynoldslaw.com

Case 1:22-cv-01696-VMC   Document 1-1   Filed 04/29/22   Page 11 of 13

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01888-S3**
**3/30/2022 10:58 PM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Wyterria Sims as the Administrator Estate of Marcus Sims

**3390 Peachtree Road, NE Suite 1100**

**Atlanta, GA 30326**

PLAINTIFF

VS.

**Wingate Management Company, LLC**

**c/o CT Corporation System**

289 S. Culver Street, Lawrenceville, GA 30046

DEFENDANT

22-C-01888-S3

CIVIL ACTION
NUMBER:_____

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Thomas Reynolds, Jr.
Reynolds Law Group
3390 Peachtree Road NE Suite 1100
Atlanta, GA 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

31st day of March, 2022

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Case 1:22-cv-01696-VMC   Document 1-1   Filed 04/29/22   Page 12 of 13

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-01888-S3**
**4/6/2022 1:54 PM**
**TIANA P. GARNER, CLERK**

# AFFIDAVIT OF SERVICE

| Case: 22-C-01888-S3 | Court: IN THE STATE COURT OF GWINNETT COUNTY | County: GWINNETT | Job: 6895828 |
|---|---|---|---|
| **Plaintiff / Petitioner:** WYTERIA SIMS INDIVIDUALLY AND O/B/O ESATE OF MARCUS SIMS | | **Defendant / Respondent:** WINGATE MANAGEMENT COMPANY LLC | |
| **Received by:** LEOPOLD RUDDOCK | | **For:** REYNOLDS LAW GROUP LLC | |
| **To be served upon:** WINGATE MANAGMENT COMPANY LLC | | | |

I, LEOPOLD RUDDOCK, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** WINGATE MANAGMENT COMPANY LLC, COMPANY: 289 S CULVER STREET, LAWRENCEVILLE, GA 30046
**Manner of Service:** Registered Agent, Apr 1, 2022, 11:55 am EDT
**Documents:** SUMMONS, COMPLAINTI AND CASE FILING INFORMATION FORM (Received Apr 1, 2022 at 12:00am EDT)

**Additional Comments:**
1) Successful Attempt: Apr 1, 2022, 11:55 am EDT at COMPANY: 289 S CULVER STREET, LAWRENCEVILLE, GA 30046 received by WINGATE MANAGMENT COMPANY LLC. Age: 60+; Ethnicity: Caucasian; Gender: Female; Weight: 130; Height: 5'3"; Hair: Black; Other: SERVED LINDA BANKS;
Served

_____    4/3/22
LEOPOLD RUDDOCK            Date

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public    Dreisha Bernard

4/3/22    10-12-2025
Date       Commission Expires

[Notary Seal: DREISHA BERNARD, NOTARY PUBLIC, DEKALB COUNTY, GEORGIA, COMMISSION EXPIRES OCTOBER 12, 2025]

Case 1:22-cv-01696-VMC   Document 1-1   Filed 04/29/22   Page 13 of 13

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-01888-S3**
**4/11/2022 3:11 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **WYTERIA SIMS, individually, and, O/B/O the ESTATE OF MARCUS SIMS,** | ) ) ) ) |
| Plaintiffs, | ) Civil Action No.: 22-C-01887-S3 ) |
| vs. | ) ) |
| **WINGATE MANAGEMENT COMPANY, LLC**, | ) ) ) |
| Defendant. | ) ) |

### ENTRY OF APPEARANCE OF COUNSEL THOMAS REYNOLDS

COMES NOW, THOMAS REYNOLDS, attorney in good standing and admitted to practice in this Honorable Court, and reserving all rights and defenses, hereby enter my appearance as counsel of record for Plaintiffs in the above-styled case. The undersigned requests that service copies of all pleadings and other notices be furnished to him at the email address listed below.

Date: April 11, 2022

**REYNOLDS LAW GROUP, LLC**

/s/ *Thomas Reynolds*
Thomas Reynolds
GA BAR# 778864

3390 Peachtree Road NE,
Suite 1100
Atlanta, GA 30326
treynolds@thomasreynoldslaw.com
(888) 665-0241 (Phone)
(888) 677-1453 (Fax)